**VASTFAME CAMERA, LTD., Appellant,**

and

**Photoworks, Inc., Appellant,**

and

**Argus Industries, Inc., Appellant,**

v.

**International Trade Commission, Appellee,**

and

**Fuji Photo Film Co., Ltd., Intervenor,**

**Fuji Photo Film Co., Ltd., Appellant,**

v.

**International Trade Commission, Appellee,**

and

**Vastfame Camera, Ltd., Intervenor,**

and

**Highway Holdings Limited, Intervenor,**

and

**Achiever Industries, Ltd., Intervenor.**

**Nos. 02–1014, 02–1015, 01–1017.**

United States Court of Appeals, Federal Circuit.

Jan. 31, 2003.

Before LOURIE, BRYSON, and GAJARSA, Circuit Judge.

---

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

The parties respond to our order directing them to show cause why these appeals should not be dismissed for lack of a final determination or appealable order.

These appeals are all from a notice and order issued by the International Trade Commission. The notice and order indicate that certain issues will not be reviewed, that one issue is remanded to the Administrative Law Judge, and that the ITC will receive submissions regarding remedy, public interest, and bonding. Because it appeared that the ITC had not rendered a final determination or appealable order, *see* 28 U.S.C. § 1295(a)(6), we directed the parties to respond to the jurisdictional issue.

All parties agree that the appeals filed by Vastfame Camera, Ltd., Photoworks, Inc., and Argus Industries, Inc are premature.* Fuji Photo Film Co., Ltd. and the ITC argue that the appeal filed by Fuji, 03–1016, may be ripe for review. *See Allied Corp. v. United States Int'l Trade Comm'n,* 782 F.2d 982 (Fed.Cir.1986). Fuji and the ITC request that this court stay the briefing schedule in that appeal, pending issuance of a final determination by the ITC and the docketing of any appeals related to that final determination. We agree that this is the best procedure.

Accordingly,

IT IS ORDERED THAT:

(1) Appeals 03–1014, –1015, and –1017 are dismissed as premature.

(2) The briefing schedule in 03–1016 is stayed. After the issuance of a final deter-

mination by the ITC in this matter, and the filing of notices of appeal by the affected parties, Fuji should promptly move to lift the stay of the briefing schedule in 03–1016 so that the appeals may be consolidated and heard together.

---

* The appellants request that any dismissal of their appeals as premature should also be labeled as "without prejudice." Necessarily, a dismissal of an appeal as premature does not prevent a party from filing a future appeal from a final determination. Thus, the parties' concern is unfounded.